**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUG 1 0 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Jerome Eugene Todd,            )
                               )
          Plaintiff,           )
                               )      Case: 1:15-cv-01278
      v.                       )      Assigned To : Unassigned
                               )      Assign. Date : 8/10/2015
House of Representatives *et al.*, )   Description: Pro Se Gen. Civil (F)
                               )
          Defendants.          )

MEMORANDUM OPINION

This matter is before the Court on review of the *pro se* complaint and plaintiff's

application to proceed *in forma pauperis*. The application will be granted and the complaint will

be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon

a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Complex in Marianna, Florida. He

alleges that the defendants, including the United States Congress, the United States Sentencing

Commission, President Barack Obama, and former President George W. Bush, engaged in "an

eight-year long conspiracy" by enacting "the Adam Walsh Act; that added a new mandatory

minimum term of imprisonment of 15 years under 18 U.S.C. § 1591[.]" Compl. at 3. Plaintiff is

challenging his sentence under that statute. *See* Compl. at 5-6; *U.S. v. Todd*, 627 F.3d 329 (9th

Cir. 2009). He seeks declaratory relief and money damages.

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not

bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C.

Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate

sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C.

Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for

challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*,

106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with

jurisdiction to hear a defendant's complaint regarding errors that occurred before or during

sentencing).  Moreover, under the present circumstances, plaintiff cannot recover money

damages since he has not shown that his sentence has been invalidated via a writ of habeas

corpus or some other recognized authority.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

(holding "that, in order to recover damages for [an] alleged[] unconstitutional conviction or

imprisonment . . ., plaintiff must prove that the [judgment] has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Hence, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: August 6, 2015

2